**Anthony SUCCO, Plaintiff–Appellee–
Cross–Appellant,**

v.

**FIRST RELIANCE STANDARD LIFE
INSURANCE COMPANY, Defendant–
Appellant–Cross–Appellee,**

**RICHMOND MEMORIAL HOSPITAL
& HEALTH CENTER/Staten Island
University Hospital Long Term Disability Plan and Staten Island Hospital, Defendants.**

**Nos. 00–7956L, 00–7978XAP.**

United States Court of Appeals,
Second Circuit.

June 20, 2001.

Victoria Quesada, Quesada & Moore, West Hempstead, NY, for plaintiff-appellee.

Joshua Bachrach, Rawle & Henderson, Philadelphia, PA, for defendant-appellant.

Present WALKER, Chief Judge, OAKES and POOLER, Circuit Judges.

Defendant-appellee First Reliance Standard Life Insurance Co. ("First Reliance") appeals from the July 12, 2000, amended and final judgment of the United States District Court for the Southern District of New York (Louis L. Stanton, *J.*) granting summary judgment and awarding attorney's fees to plaintiff-appellant Anthony Succo in this lawsuit under the Employee Retirement Income Security Act ("ERISA").

Between 1962 and 1988, Succo worked for Staten Island University Hospital or its predecessors. In 1988, Succo became totally disabled due to polio complications and stopped working. Succo was covered by a long term disability ("LTD") policy that First Reliance sold to the hospital. In a memorandum dated September 13, 1988, hospital executives agreed that once he left work, Succo would be entitled to his full disability benefits plus an additional $17,000 payment as a consultant. In October 1988, Succo applied for benefits under the LTD policy, and First Reliance granted the claim. After paying Succo benefits for more than seven years, First Reliance in August 1996 began withholding Succo's benefits. The insurance company claimed that it had overpaid Succo $159,747 because it was entitled to offset as wages the money that the hospital continued to pay Succo even after he became disabled. The insurance company relied on a clause in the LTD policy that permitted First Reliance to subtract from the benefit amount "Other Income Benefits," which is defined to include "wages." Plaintiff challenged this determination through administrative

proceedings and then filed a lawsuit against First Reliance in federal court in March 1998. The parties cross-moved for summary judgment. In a Memorandum and Order dated March 6, 2000, the district court granted summary judgment to plaintiff. First Reliance now appeals. We review the district court's grant of summary judgment *de novo. See Kalwasinski v. Morse,* 201 F.3d 103, 105 (2d Cir.1999).

■ First Reliance contends principally that wages is a broad term that includes the $17,000 payments to Succo pursuant to the September 1988 memo because the money reflected a continuation of the employer-employee relationship between Succo and the hospital. The district court held that Succo was an independent contractor, interpreted the word wages in the LTD insurance policy and held that because Succo was not an employee of the hospital, the money he received pursuant to the September 1988 memo was not wages and set-off was inappropriate. We affirm the district court largely for the reasons stated in its opinion.

■ Generally, "unambiguous language in an ERISA plan must be interpreted and enforced in accordance with its plain meaning." *Aramony v. United Way Replacement Benefit Plan,* 191 F.3d 140, 149 (2d Cir.1999). Contract language is ambiguous only when it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* A non-legal dictionary can supply the everyday, common meaning. *See, e.g., United States v. Dauray,* 215 F.3d 257, 260 (2d Cir.2000) (in non-ERISA context, court used Webster's Third New International Dictionary for definitions to help find "ordinary, common-sense meaning of the words").

The district court held that Succo was an independent contractor rather than an employee of the hospital based on the un-disputed circumstances of his post-disability relationship with the hospital. The district court then looked to the definition of wage in Webster's Third New International Dictionary to determine the nature of the payment that Succo received. The court relied in part on the distinction among synonyms such as wage, salary and fee and their respective definitions to hold that wage "is a term associated with manual labor, done on an hourly, daily, or piecework basis." Because Succo's work did not fall within this description, Judge Stanton correctly held that the money Succo received was not wages. The term wages is unambiguous, and because the payments were not wages, First Reliance was not entitled to the offset.

■ First Reliance also argues that the district court abused its discretion in awarding $98,000 in attorney's fees to plaintiff's counsel pursuant to 29 U.S.C. § 1132(g). Defendant argues that its investigation into the payments Succo received from the hospital did not amount to bad faith, and it disputes the time and rates that plaintiff's attorney charged. There is no question that ERISA provides for the award of attorney's fees. *See Chambless v. Masters, Mates & Pilots Pension Plan,* 815 F.2d 869, 871 (2d Cir. 1987). The district court has discretion in deciding whether to award fees and generally considers five factors: "(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants." *Id.* Based on our review of the record, we see no abuse of discretion in the court's award of attorney's fees.

**56**

We have considered all of defendant-appellant's remaining arguments and find them to be without merit. Because we affirm the judgment below, we need not consider the arguments raised in plaintiff-appellee's cross-appeal, which we accordingly dismiss.